IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AARON CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10 C 3066 |
| v. | ) | |
| | ) | Magistrate Judge |
| LT. THEOLON; SERGEANT GALLEN; C.O. BOBZIN, | ) | Maria Valdez |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Aaron Carter, an Illinois Department of Corrections prisoner, brought this civil rights suit pursuant to 42 U.S.C. § 1983 against Cook County Jail correctional officers Adam Thielen, Carlos Galan, and Jason Bobzin[1] alleging excessive force and deliberate indifference to his medical needs. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and this matter is now before the Court on Defendants' motion for summary judgment [Doc. No. 42]. For the reasons that follow, the motion is granted.

The following facts, which are not disputed by the parties, are drawn from the record and are presented in the light most favorable to Plaintiff, with all reasonable inferences drawn in his favor. *Groesch v. City of Springfield*, 635 F.3d

---

[1] The names of Officers Thielen and Galan were apparently misspelled in the complaint caption.

1020, 1022 (7th Cir. 2011) (citing *Antonetti v. Abbott Labs.*, 563 F.3d 587, 591 (7th Cir. 2009); *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008)). Plaintiff has received the Local Rule 56.2 warning regarding summary judgment, [Doc. No. 44]; *see also Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), and the parties have complied with Local Rule 56.1.

On April 3, 2010, Plaintiff was a detainee at the Cook County Jail and was in the process of being transferred between two divisions at the jail. (Defs.' LR 56.1(a)(3) ¶¶ 1, 7.) While awaiting his transfer, Plaintiff was housed in a bullpen area with another inmate. (*Id.* ¶ 8.) According to Plaintiff, the other inmate made a comment that Defendant Thielen attributed to Plaintiff. (*Id.* ¶ 9.) Thielen eventually entered the bullpen with the other defendants, and they sprayed pepper spray in plaintiff's face, punched, and handcuffed him. (*Id.* ¶¶ 12-15.) Defendants then placed plaintiff's head under running water and choked him. (*Id.* ¶ 16.) Defendants refused Plaintiff's requests for medical treatment for injuries, and he was returned to the bullpen. (*Id.* ¶¶ 17-18, 20.) Plaintiff alleges he suffered from back pain as well as burned skin and vision problems from the mace. (*Id.* ¶ 19.)

Plaintiff brought the present suit a month later, raising claims for excessive force in a correctional setting, *Filmore v. Page*, 358 F.3d 496, 503-04 (7th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)), and deliberate indifference to his objectively serious medical needs, *Smith v. Knox County Jail*, 666 F.3d 1037, 1039-40 (7th Cir. 2012) (citations

omitted), against the officer defendants. Defendants' motion for summary judgment argues that Plaintiff failed to exhaust his administrative remedies at the Cook County Jail as required by the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e(a).

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Wackett v. City of Beaver Dam*, 642 F.3d 578, 581 (7th Cir. 2011). The Court reviews these facts in the light most favorable to Plaintiff, the non-moving party, and makes all reasonable inferences in his favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011) (citing *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 456 (7th Cir. 2010)).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 of this [T]itle, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). A detainee is required to utilize the grievance system before filing a Section 1983 suit so that the correctional officials are aware of ongoing issues and have an opportunity to take corrective action to remedy the problem. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Dole*, 438 F.3d at 809; *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th

Cir. 2002) (explaining that "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). "Exhaustion is an affirmative defense, and the burden of proof is on the defendants." *Dole*, 438 F.3d at 809 (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The Cook County Jail has an established grievance procedure, which was available to all inmates in 2010. (Defs.' LR 56.1(a)(3) ¶ 22.) Plaintiff had received the Inmate Rules and Regulations and had heard of other detainees filing grievances. (*Id.* ¶¶ 23-24.) The procedure requires grievances to be properly filed and appealed, but Plaintiff did not file any grievances related to the April 3 incident. (*Id.* ¶¶ 25-26.)

Plaintiff concedes that he failed to bring the required grievance and thus voluntarily abandons his claim for failure to provide medical attention claim. (Pl.'s Resp. at 7.) However, Plaintiff maintains that his excessive force claim survives despite his failure to exhaust his remedies. Citing to *Fletcher v. Menard Correctional Center*, 623 F.3d 1171 (7th Cir. 2010), Plaintiff argues that he could not have been expected to bring a grievance because he was immediately suffering from the excessive force. He contends that a detainee raising an excessive force claim does not have time to stop the alleged assault, and therefore bringing a grievance is not required under the PLRA. (Pl.'s Resp. at 7.)

*Fletcher* explains that a detainee need not exhaust a claim if he is in imminent danger and requires immediate relief that only the federal court (and not

the jail) can provide. 623 F.3d at 1172 ("If it takes two weeks to exhaust a complaint that the complainant is in danger of being killed tomorrow, there is no possibility of some relief and so nothing for the prisoner to exhaust."). The exhaustion requirement is also excused if there is no available grievance process to exhaust the claim. *Id.* at 1172-74; *see Brengettecy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).

Plaintiff's efforts to rely on *Fletcher* are unavailing. The situation considered by *Fletcher* is a detainee who faces the imminent threat of future danger. If a jail's grievance process is not sufficient to protect the detainee, his only option is to come directly to federal court. In this case, Plaintiff claims that he was wrongfully assaulted and denied medical care by the defendant guards on April 3, 2010. He has never alleged or presented any evidence suggesting that he faced additional danger after the incident on April 3, 2010. He does not seek injunctive relief protecting him from prospective injury; he only requests monetary relief for his alleged past injuries. Because there is no reason why Plaintiff could not have brought a grievance, the PLRA requires that Plaintiff's claims be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [Doc. No. 42] is granted.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE:   May 31, 2012**

                                        **HON. MARIA VALDEZ**
                                        **United States Magistrate Judge**